UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                                          6:13-cr-32-Orl-37TBS

LOUIS RUGGIERO
_____

ORDER

Pending before the Court is Defendant Louis Ruggiero's Motion and Memorandum for Pretrial Inspection of Items Designated in Subpoenas Duces Tecum (Doc. 56). The motion is due to be granted.

Counts I, II and III of the five count indictment against Defendant allege that he knowingly persuaded, induced or enticed a minor under the age of 18 years to engage in sexually explicit conduct for the purpose of producing visual depictions that would be transported and transmitted in interstate commerce in violation of 18 U.S.C. § 2251(a) and (e). (Doc. 13). Count IV charges that Defendant violated 18 U.S.C. § 24221(b) by using a means of interstate commerce to persuade, induce or entice a person who had not attained the age of 18 years to engage in sexual activity for which any person could be charged with a criminal offense under the laws of the state of Florida. (Id.). Count V alleges that Defendant knowingly possessed images of a minor engaging in sexually explicit conduct which had been shipped and transported in and affecting interstate commerce in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Id.).

Defendant believes the minor depicted in the images at issue posted images of herself on adult-only websites where she represented herself as 18 years of age or older.

(Doc. 56). If true, Defendant believes the minor's conduct may constitute a criminal offense that is relevant for impeachment. (Id.) Defendant also contends that this evidence (if it exists), will be relevant to his Due Process Clause argument that 8 U.S.C. § 2251(a) is unconstitutional because it lacks a mens rea element relating to knowledge of the age of the subject of the visual depictions. (Id.)

Defendant is requesting a Court Order authorizing subpoenas to DashBoardHosting, LLC and Collarme.com for the pretrial production of all data and information relating to the creation and use of the minor's website accounts, including information about whether and when the minor posted images and how many images the minor posted. This request specifically excludes the images themselves. Defendant is requesting that the data and information be produced to him prior to trial so that counsel can review it and the Court is not burdened by pretrial production. Defendant is also requesting the pretrial production to the Government of all the same data plus any images the minor posted on the websites. (Id.). Lastly, Defendant is asking the Court to order the Government to make the images available to his lawyers or expert witness for inspection within 24 hours of receipt by the Government. (Id.).

Federal Rule of Criminal Procedure 17(c) governs the use of subpoenas duces tecum in federal criminal proceedings. A party seeking the production of documents under Rule 17(c) "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." United States v. Nixon, 418 U.S. 683, 700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of an action more . . . or less probable than it would be without the evidence." FED.R.EVID. 401. The request for a

subpoena must be made in good faith and "not [be] intended as a general 'fishing expedition.'" Nixon, 418 U.S. at 700 (quoting United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).  Even if the moving party can clear these hurdles, to obtain the document production prior to trial, the party must also establish that: (1) it cannot, by the exercise of due diligence, reasonably procure the documents in advance of trial; (2) it will be unable to properly prepare for trial unless it receives and is able to inspect the documents in advance of trial; and (3) that if it is unable to inspect the documents prior to trial, then the trial may be unreasonably delayed.  Nixon, 418 U.S. at 699-700.

To implement the Crime Victims' rights Act, 18 U.S.C. § 3771(a)(8), Rule 17(c)(3) provides:

> Subpoena for Personal or Confidential Information About a Victim. After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

After carefully considering the motion, the file and applicable law, the Court makes the following findings: First, the documents Defendant wishes to subpoena are sufficiently specific in nature, relevant, and may prove to be admissible at trial.  Second, Defendant's request is made in good faith, the documents appear to be necessary to adequately prepare for trial, and Defendant cannot otherwise obtain the documents in advance of trial.  Third, unless the documents are obtained in advance of trial, the trial may be unreasonably delayed.  Fourth, although DashBoardHosting, LLC and Collarme.com are not victims in this case the information sought is about the victim.

Accordingly, Defendant's motion is GRANTED.  However, before the issuance of

the subpoenas, Defendant will be required to give notice of this Order and the proposed subpoenas to the minor who will have through June 18, 2013 to move to quash or modify the subpoenas or otherwise object.  If no objection is filed, then Defendant may issue the subpoenas and the documents shall be produced to Defendant and the Government. Within 24 hours of its receipt of any images, the Government shall make those images available to Defendant's lawyers and expert witness.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on June 11, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel